1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ALBERTO WINFFEL,

10          Plaintiff,                    No. CIV S-10-1709 MCE GGH P

11      vs.

12   A. POMAZAL, et al.,

13          Defendants.                   <u>FINDINGS & RECOMMENDATIONS</u>

14   _____/

15          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  This action proceeds on the original complaint filed on July 2, 2010.  Plaintiff

17   alleges that the two defendants were deliberately indifferent to his serious medical needs by not

18   providing shower grab bars, mats and a seat.  Plaintiff is mobility impaired, in that he always

19   needs a leg brace and needs use of a cane to walk more than 100 yards.  Plaintiff slipped in the

20   shower and fell injuring himself.  The two defendants are the warden of the prison and the chief

21   medical officer.

22          On August 22, 2011, defendants filed a motion for summary judgment.  Plaintiff

23   failed to file an opposition in the allotted time so on September 28, 2011, defendants filed a

24   motion to dismiss for lack of prosecution.  The undersigned waited nearly a month, but plaintiff

25   failed to respond to the motion for summary judgment, the motion to dismiss for lack of

26   prosecution or communicate with the court in any manner, so on October 24, 2011, the

undersigned issued findings and recommendations that this action be dismissed, as it appeared

plaintiff was no longer concerned with this lawsuit.  The same day that the findings and

recommendations were docketed, October 24, 2011, plaintiff filed a motion for an extension to

file an opposition to summary judgment and separately filed an opposition to the motion to

dismiss for lack of prosecution.  As plaintiff was proceeding pro se, the undersigned vacated the

findings and recommendations that had dismissed the case, denied defendants' motion to dismiss

for lack of prosecution and provided plaintiff a 30 day extension to file an opposition to the

motion for summary judgment.

On November 18, 2011, plaintiff filed his opposition to the motion for summary

judgment.  The undersigned notes that defendants' motion for summary judgments contains

declarations from various parties, many exhibits and even pictures of the showers and

specifically presents meritorious arguments on why there are no issues of fact that require a trial.

However, plaintiff's opposition (Doc. 33) consists of three pages, fails to discuss any of the

issues raised in the motion for summary judgment, and essentially just states that defendants

were deliberately indifferent without providing any support.[1]  In the August 31, 2010, service

order, the undersigned instructed plaintiff of the following requirements in opposing a motion for

summary judgment:

> 10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
> <u>cert</u>. <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th
> Cir. 1988), plaintiff is advised of the following requirements for opposing a
> motion for summary judgment made by defendants pursuant to Rule 56 of the
> Federal Rules of Civil Procedure.  Such a motion is a request for an order for
> judgment in favor of defendants without trial.  A defendant's motion for summary
> judgment will set forth the facts that the defendants contend are not reasonably
> subject to dispute and that entitle the defendants to judgment.  To oppose a motion
> for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff
> may do this in one or more of the following ways.  Plaintiff may rely upon
> statements made under the penalty of perjury in the complaint if the complaint
> shows that plaintiff has personal knowledge of the matters stated and plaintiff

---

[1] In a few instances, plaintiff instructs the court to view defendants' answers to certain
interrogatories.  Yet, the interrogatories are not provided and it is not the court's responsibility to
request them from defendants to prove the case against defendants.

calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

11. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

Doc. 11 at 4-5.

Plaintiff has utterly failed to abide by these instructions, despite the three months he was provided to file an opposition. The undersigned is of course aware that the Ninth Circuit has held that procedural requirements applied to ordinary litigants at summary judgment do not apply to prisoner pro se litigants. In Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010), the district courts were cautioned to "construe liberally motion papers and pleadings filed by *pro se* inmates and ... avoid applying summary judgment rules strictly." Id. at 1150. No example or further definition of "liberal" construction or "too strict" application of rules was given in Ponder suggesting that any jurist would know inherently when to dispense with the wording of rules. Since the application of any rule which results in adverse consequences to the pro se inmate could always be construed in hindsight as not liberal enough a construction, or too strict an application, it appears that only the essentials of summary judgment, i.e., declarations or testimony under oath, and presentation of evidence not grossly at odds with rules of evidence, need be presented. Even under this most generous interpretation, plaintiff has failed to meaningfully oppose summary judgment.

1    While the undersigned must liberally construe plaintiff's pleadings, the

2    undersigned must also remain a neutral adjudicator and not an advocate for plaintiff.

3    Defendants' raised several key issues that plaintiff failed to address and the only way for the

4    undersigned to fully address the motion for summary judgment would be to completely act as

5    plaintiff's counsel.  It is now undisputed that the shower plaintiff slipped in was equipped with

6    grab bars at the time of the accident, though plaintiff has ignored this fact.  In addition, it is

7    undisputed that the warden of the prison had no direct involvement with any of the underlying

8    facts of this case, other than he is the warden and plaintiff believes is therefore responsible for

9    everything in the prison.  Nor does plaintiff address the chief medical officer's declaration that

10   states plaintiff had no problem moving around short distances and extra accommodations were

11   not required.  When confronted with all these arguments plaintiff mere replies that defendants

12   were deliberately indifferent and possessed the requisite intent.

13    For all these reasons, plaintiff's opposition is dispositively  inadequate and based

14   on the procedural history and steps it required to obtain an opposition it appears that plaintiff

15   does not truly want to continue this litigation.  Thus, the undersigned will recommend that this

16   action be dismissed for lack of prosecution.[2]  In the alternative, based on the facts described

17   above, defendants' motion for summary judgment should be granted on the merits.

18    Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for

19   summary judgment (Doc. 24) be granted for all the reasons discussed above and this case closed.

20    These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22   days after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25

26   [2] Nor does the underlying complaint and the attached exhibits provide any more support to oppose the summary judgment motion.

4

1    shall be served and filed within fourteen days after service of the objections.  The parties are

2    advised that failure to file objections within the specified time may waive the right to appeal the

3    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: December 2, 2011

5

6

                              /s/ Gregory G. Hollows
                           UNITED STATES MAGISTRATE JUDGE

GGH: AB

7    winf1709.sj

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26